**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION**

| | | |
|---|---|---|
| LESLIE WEBB, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO. 4:12-CV-90-CDL-MSH |
| | : | 42 U.S.C. § 1983 |
| Warden ALEX HADEN, *et al.*, | : | |
| | : | |
| Defendants. | : | |

_____

**O R D E R**

Plaintiff Leslie Webb, an inmate at Harris State Prison, has filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983 (ECF No. 1). He has also filed motions for leave to *in forma pauperis* pursuant to 28 U.S.C. § 1914(a) (ECF No. 2) and for appointment of counsel (ECF No. 6). In addition to the above motions, Plaintiff has filed a motion requesting a temporary restraining order and preliminary injunction (ECF No. 3), which the undersigned will address in a separate recommendation.

**I.    Motion to Proceed IFP**

In reviewing Plaintiff's financial information, it appears that Plaintiff is unable to prepay the entire $350.00 filing fee. Plaintiff's motion to proceed *in forma pauperis* is accordingly **GRANTED**. Even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full $350.00 filing fee in installments as required by 28 U.S.C. § 1915(b)(1). Fees are not refundable, regardless of outcome. Plaintiff will therefore remain responsible for the entire $350.00, even if his lawsuit is dismissed prior to service.

A review of Plaintiff's prison bank account activity reveals that Plaintiff received deposits totaling $195.00 in the six months preceding the filing of this lawsuit. In accordance with section 1915(b)(1)(A), it is hereby **ORDERED** that Plaintiff pay to the Clerk of this Court an initial partial filing fee of $6.50. Plaintiff shall have twenty-one (21) days from the date of this Order to pay the above initial partial filing fee to the Clerk of the Court. Failure to comply with this Order shall result in the dismissal of Plaintiff's complaint. There shall be no service of process in this case until further order of the Court.

## II.     Motion for Appointment of Counsel

Plaintiff asks that this Court appoint him counsel. Under 28 U.S.C. § 1915(e)(1), the district court "may request an attorney to represent any person unable to afford counsel." However, there is "no absolute constitutional right to the appointment of counsel." *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987). Appointment of counsel is a privilege that is justified only by exceptional circumstances. *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982). In deciding whether legal counsel should be provided, the Court should consider, among other factors, the merits of the plaintiff's claim and the complexity of the issues presented. *Holt v. Ford*, 682 F.2d 850, 853 (11th Cir. 1989).

Plaintiff has set forth the essential factual allegations underlying his claims, and the applicable legal doctrines are readily apparent. Plaintiff therefore has not alleged the exceptional circumstances justifying appointment of counsel under *Holt*. The Court on its own motion will consider assisting Plaintiff in securing legal counsel *if and when* it

becomes apparent that legal assistance is required in order to avoid prejudice to Plaintiff's rights. Accordingly, Plaintiff's motion for appointment of counsel is **DENIED** at this time.

 SO ORDERED, this 8th day of May, 2012.

             S/Stephen Hyles
             UNITED STATES MAGISTRATE JUDGE