**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION**

| | | |
|---|---|---|
| LESLIE WEBB, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO. 4:12-CV-90-CDL-MSH |
| | : | 42 U.S.C. § 1983 |
| Warden ALEX HADEN, *et al.*, | : | |
| | : | |
| Defendants. | : | |

_____

**REPORT AND RECOMMENDATION**

Plaintiff Leslie Webb, an inmate at the Harris County Prison, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 (ECF No. 1).  Before the Court is Plaintiff's motion for a Temporary Restraining Order ("TRO") and Preliminary Injunction (ECF No. 3).

Plaintiff's complaint appears to allege that his constitutional rights were violated when he was denied access to a work release program, Plaintiff's participation in which is apparently required before the Georgia Board of Pardons and Paroles will consider him for parole.  Plaintiff has not alleged that he has actually been granted parole, conditioned upon his completion of a work release program.  According to Plaintiff, the Defendants are somehow delaying, interfering with, or failing to actively assist with his transfer to a facility with a work release program.  Plaintiff believes the Defendants' actions stem, in part, from retaliation for grievances and lawsuits Plaintiff has filed.  Finally, Plaintiff alleges that he is having difficulty pursuing a state habeas action.  In his motion, Plaintiff

requests injunctive relief in the form of transfer to a facility with a work release program, prohibition of "further interference" with Plaintiff's habeas action, and imposition of safeguards against retaliation.

The standard for obtaining a TRO is identical to that for obtaining a preliminary injunction. *See Windsor v. United States*, 379 F. App'x. 912, 916–17 (11th Cir.2010). Such relief is only appropriate where the movant demonstrates that: (a) there is a substantial likelihood of success on the merits; (b) the preliminary injunction is necessary to prevent irreparable injury; (c) the threatened injury outweighs the harm that a preliminary injunction would cause to the non-movant; and (d) the preliminary injunction would not be adverse to the public interest. *Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034-35 (11th Cir. 2001). An irreparable injury "must be neither remote nor speculative, but actual and imminent." *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir.2000) (citations omitted).

In the present case, Plaintiff has not alleged sufficient facts to support his request for injunctive relief under the above standard. Plaintiff fails to allege that he will suffer irreparable injury. Instead, he alleges only a speculative possibility of future injury. *See Wooden v. Bd. of Regents of Univ. Sys. of Ga.*, 247 F.3d 1262, 1284 (11th Cir.2001)); *see also Holland America, Ins. Co. v. Succession of Roy*, 77 F.2d 992, 997 (5th Cir.1985) ("Speculative injury is not sufficient; there must be more than an unfounded fear on the part of the applicant."). Nor has Plaintiff alleged facts suggesting that he will likely succeed on the merits of his claims. Finally, Plaintiff has not shown that the alleged threat outweighs the harm to the administration of the prison system or that granting the motion

will not be adverse to the public interest.  *See e.g., Bell v. Wolfish*, 441 U.S. 520, 547, 99 S. Ct. 1861, 1878, 60 L.Ed.2d 447 (1979) ("Prison administrators therefore should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security.").   There is simply no indication that the "drastic remedy" of injunctive relief is warranted at this juncture.  Accordingly, it is **RECOMMENDED** that Plaintiff's Motion for injunctive relief be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may file written objections to the recommendation herein with the Honorable Clay D. Land, United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

SO RECOMMENDED, this 8th day of May, 2012.

S/Stephen Hyles_____
UNITED STATES MAGISTRATE JUDGE