IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| LESLIE WEBB, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | CASE NO. 4:12-CV-90-CDL-MSH |
| | : | 42 U.S.C. § 1983 |
| Warden ALEX HADEN, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

Plaintiff Leslie Webb filed a *pro se* civil rights complaint under 42 U.S.C. § 1983, while he was confined at the Harris County Jail ("HCJ"). Plaintiff paid the initial partial filing fee of $6.50, as was previously ordered by this Court (ECF No. 8). He will remain obligated to pay the unpaid balance of $343.50, as is discussed below.

## I. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless."

*Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim for relief under section 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to

2

dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a section 1983 complaint because the plaintiffs factual allegations were insufficient to support the alleged constitutional violation). *See also* 28 U.S.C. § 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in section 1915A "shall" be dismissed on preliminary review).

## II.  MOTIONS FOR APPOINTMENT OF COUNSEL

Plaintiff previously filed a motion for appointment counsel, which this Court denied by Order dated May 8, 2012 (ECF No. 7). He has since filed two additional motions for appointment of counsel (ECF Nos. 25, 29). Plaintiff's motions, having been read and fully considered, are hereby **DENIED** for the same reasons set forth in this Court's prior Order. *See also Sims v. Nguyen*, 403 F. App'x 410, 414 (11th Cir. 2010) (affirming district court's denial of counsel where prisoner's claims were "relatively straightforward, involving incidents of which [prisoner] had first-hand knowledge"); *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir.1987) (prisoner has "no absolute constitutional right to the appointment of counsel" in his section 1983 lawsuit).

## III. BACKGROUND

Plaintiff sues HCJ Warden Alex Haden, Deputy Warden Edward Walker, and Lieutenant Melvin Foster. In accordance with the Court's March 4, 2013 Report and Recommendation (ECF No. 22), Plaintiff has filed an amended complaint (ECF No. 24).[1]

---

[1] Although Plaintiff named Counselor Gaston in the caption of his original complaint, he does not name Gaston in his amended complaint or, more importantly, assert any facts against Gaston in

3

Plaintiff alleges that on April 4, 2012, a petition for writ of habeas corpus he filed in state court was served on Defendant Warden Haden. The following day, Plaintiff was issued a disciplinary report, charging him with failure to follow instructions and possession of contraband. Plaintiff alleges that the disciplinary report was false and that he was placed in the "hole" for five days without due process and in retaliation for his filing the habeas action, grievances, and a section 1983 action. Each of the Defendants thereafter allegedly confiscated Plaintiff's personal property, including "legal documents and evidence that was critical to his habeas case." According to Plaintiff, his habeas petition was denied on May 23, 2012, because he "could not prepare a defense []or present his case." Plaintiff also alleges that Warden Haden retaliated against Plaintiff by ordering his transfer to Hays State Prison.

In addition to the Defendants' alleged retaliation, Plaintiff claims that the law library at HCJ was "woefully inadequate."[2] Plaintiff further alleges that Haden intentionally submitted incorrect paperwork to the Georgia Board of Pardons and Paroles, which resulted in Plaintiff being required to serve additional time in prison.

## IV. DISCUSSION

### A. *Due Process Claims*

Plaintiff alleges due process violations as a result of his placement in the hole and

---

either filing. The Clerk's Office is therefore **DIRECTED** to delete Gaston as a Defendant.

[2] Plaintiff also complains about the law library at Hays State Prison, where he is currently confined. If Plaintiff wishes to pursue this claim, he must file a separate section 1983 lawsuit in the District Court for the Northern District of Georgia.

the confiscation of his personal property. As to the former claim, the Supreme Court in *Sandin v. Conner*, 515 U.S. 472, 484 (1995), concluded that a prisoner can be deprived of his liberty so as to be entitled to due process under the Constitution in two circumstances: (1) when the condition is so severe that it essentially exceeds the sentence imposed by the court; and (2) when the state has conferred a certain benefit on prisoners by statute or administrative policy and the deprivation of that benefit "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.*; *Bass v. Perrin*, 170 F.3d 1312, 1318 (11th Cir. 1999).

There is no suggestion that the first above circumstance might exist in the present case. As to the second, the Court in **Sandin** concluded that 30 days of segregated confinement did not constitute an "atypical and significant hardship." In addition to Plaintiff being confined in the "hole" only for five days, he makes no allegations regarding the conditions of such confinement.

As to Plaintiff's due process claim regarding his personal property, the Supreme Court held in *Hudson v. Palmer*, 468 U.S. 517, 533 (1984):

> [A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available. For intentional, as for negligent deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable postdeprivation remedy.

The State of Georgia, pursuant to O.C.G.A. § 51-10-1, provides an adequate postdeprivation remedy for Plaintiff's loss of property. Thus, Plaintiff has failed to allege a colorable due process claim for the deprivation of his property.

It is therefore **RECOMMENDED** that Plaintiff's due process claims be **DISMISSED**. Pursuant to 28 U.S.C. § 636(b)(1), the Plaintiff may file written objections to this recommendation with the United States District Judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy hereof.

### B. *Remaining Claims*

Liberally construing Plaintiff's allegations in his favor, the Court concludes that Plaintiff has alleged colorable First Amendment claims against the Defendants for retaliation and denial of access to the courts. Although the nature of Plaintiff's claim against Defendant Warden Haden regarding Haden's involvement in Plaintiff's parole is unclear, the Court will also allow said claim to go forward. Accordingly, it is hereby **ORDERED** that service be made on Defendants Warden Alex Haden, Deputy Warden Edward Walker, and Lieutenant Melvin Foster, and they file an Answer or such other response as may be appropriate under Rule 12 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1915, and the Prison Litigation Reform Act. Defendants are reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall at all times keep the clerk of this court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings filed herein.

## DUTY TO PROSECUTE ACTION

Plaintiff is advised that he must diligently prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, DISCOVERY AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the

7

unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a <u>certificate of service</u> indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

## **DISCOVERY**

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the defendants from whom discovery is sought by the plaintiff. The Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed.  Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure.  The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian.  **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendants and granted by the court.  This 90-day period shall run separately as to Plaintiff and each Defendant beginning on the date of filing of each

Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party. The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: <u>except with written permission of the court first obtained</u>, **interrogatories** may not exceed TWENTY-FIVE (25) to each party, **requests for production of documents and things** under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and **requests for admissions** under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party. No party shall be required to respond to any such requests which exceed these limitations.

### **REQUESTS FOR DISMISSAL AND/OR JUDGMENT**

The Court shall not consider requests for dismissal of or judgment in this action, absent the filing of a motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than thirty (30) days after the close of discovery unless otherwise directed by the court.

### **DIRECTIONS TO CUSTODIAN OF PLAINTIFF**

In accordance with the Prison Litigation Reform Act, Plaintiff's custodian is hereby

directed to remit to the Clerk of this Court each month twenty percent (20%) of the preceding month's income credited to Plaintiff's inmate account until the $350.00 filing fee has been paid in full, provided the amount in the account exceeds $10.00. Transfers from Plaintiff's account shall continue until the entire filing fee has been collected, notwithstanding the earlier dismissal of Plaintiff's lawsuit.

## **PLAINTIFF'S OBLIGATION TO PAY FILING FEE**

If Plaintiff is hereafter released from custody, he shall remain obligated to pay any remaining balance due of the above filing fee; Plaintiff shall continue to remit monthly payments as required by the Prison Litigation Reform Act. Collection from Plaintiff of any balance due by any means permitted by law is hereby authorized in the event Plaintiff fails to remit payments.

SO ORDERED and RECOMMENDED, this 19th day of August, 2013.

S/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE