IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| LESLIE WEBB, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | CASE NO. 4:12-CV-90-CDL-MSH |
| | : | 42 U.S.C. § 1983 |
| Warden ALEX HADEN, *et al.*, | : | |
| | : | |
| Defendants. | : | |

_____

**ORDER AND**
**REPORT AND RECOMMENDATION**

Presently pending before the Court are several motions filed by Plaintiff (ECF Nos. 42-45, 48, 54, 57, 62, 63, 78) and Defendants' motion for summary judgment (ECF No. 65). For the reasons explained below, Plaintiff's motions for appointment of counsel (ECF Nos. 42, 44), discovery motions (ECF Nos. 62, 63), motion to change venue (ECF No. 45), notice of "due process violation" (ECF No. 48), motion for documents and records at government expense (ECF No. 54), "request for status on pending motions" (ECF No. 57), and letter request that the Court stop Plaintiff's being charged for his appellate filing fee (ECF No. 78) are denied. It is recommended that Plaintiff's motion for injunctive relief (ECF No. 43) be denied and Defendants' motion for summary judgment be granted.

**BACKGROUND**

In his Amended Complaint, Plaintiff sues Harris County Prison (HCP) Warden Alex Haden, Deputy Warden Edward Walker, and Lieutenant Melvin Foster. Plaintiff alleges that on April 4, 2012, a petition for writ of habeas corpus he filed in state court was

served on Defendant Warden Haden. The following day, Plaintiff was issued a disciplinary report, charging him with failure to follow instructions and possession of contraband. Plaintiff alleges that the disciplinary report was false and that he was placed in the "hole" for five days without due process and in retaliation for his filing the habeas action, grievances, and a section 1983 action.

Each of the Defendants thereafter allegedly confiscated Plaintiff's personal property, including "legal documents and evidence that was critical to his habeas case." According to Plaintiff, his habeas petition was denied on May 23, 2012, because he "could not prepare a defense []or present his case." Plaintiff also alleges that Warden Haden retaliated against Plaintiff by ordering his transfer to Hays State Prison. Plaintiff further alleges that Haden intentionally submitted incorrect paperwork to the Georgia Board of Pardons and Paroles, which resulted in Plaintiff being required to serve additional time in prison.

After a preliminary review of Plaintiff's Amended Complaint, Plaintiff's claims for retaliation, denial of access to the courts, and for intentionally interfering with Plaintiff's paperwork submitted to the Georgia Board of Pardons and Paroles were allowed to proceed. Plaintiff thereafter filed multiple motions for appointment of counsel, for injunctive relief, and for discovery. Defendants moved for summary judgment. These motions are now ripe before this Court.

## DISCUSSION

I.  **Plaintiff's Motions**

    A.  <u>Motions for Appointment of Counsel</u>

Plaintiff previously filed motions for appointment counsel (ECF Nos. 6, 25, 29), all of which have been denied by this Court (Order, May 8, 2012, ECF No. 7; Order, August 19, 2013, ECF No. 31). He has now filed two additional motions for appointment of counsel (ECF Nos. 42, 44). Plaintiff's motions, having been read and fully considered, are hereby denied for the same reasons set forth in this Court's prior Orders. *See also Sims v. Nguyen*, 403 F. App'x 410, 414 (11th Cir. 2010) (affirming district court's denial of counsel where prisoner's claims were "relatively straightforward, involving incidents of which [prisoner] had first-hand knowledge"); *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir.1987) (prisoner has "no absolute constitutional right to the appointment of counsel" in his section 1983 lawsuit).

    B.  <u>Motion for Injunctive Relief</u>

Plaintiff also seeks relief in the form of a Temporary Restraining Order (ECF No. 43) directing the Georgia Department of Corrections and "Prison Officials" to stop retaliating against Plaintiff for "exercising his constitutional rights." (Mot. for TRO ¶ 2, ECF No. 43.) Such relief is only appropriate where the movant demonstrates that: (a) there is a substantial likelihood of success on the merits; (b) the preliminary injunction is necessary to prevent irreparable injury; (c) the threatened injury outweighs the harm that a preliminary injunction would cause to the non-movant; and (d) the preliminary injunction would not be adverse to the public interest. *Parker v. State Bd. of Pardons & Paroles*, 275

F.3d 1032, 1034-35 (11th Cir. 2001).  An irreparable injury "must be neither remote nor speculative, but actual and imminent."  *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (citations omitted).

Plaintiff contends that he has previously been disciplined in retaliation for filing lawsuits and that in order to file additional claims against the Georgia Department of Corrections and certain prison officials, he needs a TRO.  Initially, the Court notes that Plaintiff is requesting that the Court issue an order directing prison officials and the Georgia Department of Corrections to stop retaliating against him—in other words, to obey the law.  Such injunctive relief is impermissible.  *See, e.g., Elend v. Basham*, 471 F.3d 1199, 1209 (11th Cir. 2006) ("It is well-established in this circuit that an injunction demanding that a party do nothing more specific than "obey the law" is impermissible.").  Furthermore, as discussed below, the Court finds that Defendants are entitled to summary judgment on Plaintiff's claims and therefore, Plaintiff has failed to show a "substantial likelihood of success on the merits."  Accordingly, it is recommended that Plaintiff's motion for a temporary restraining order (ECF No. 43) be denied.

    C.    <u>Discovery Motions</u>

Plaintiff filed two documents with the Court, each of which has been docketed as a motion to compel.  (ECF Nos. 62, 63.)  The first is actually a letter (ECF No. 62) to the district judge discussing Plaintiff's complaints about the discovery process and requesting appointment of counsel.  To the extent that this letter could be construed as a motion for appointment of counsel, such motion is denied as discussed above.  The remaining content of this letter shall be construed as support for Plaintiff's actual motion to compel (ECF No.

63).

Plaintiff seeks to have the Court compel discovery pursuant to Federal Rules of Civil Procedure Rule 37. Initially, the Court notes that Plaintiff failed to include in either motion a certification that he has in good faith conferred with Defendant in an attempt to obtain the information he seeks without court intervention. Fed. R. Civ. P. 37(a)(1); M.D. Ga. Loc. R. 37. Since Plaintiff is proceeding *pro se* in this action, the Court will not consider this fatal to his motions.

Defendants refused to respond to Plaintiff's discovery requests which were sent on January 6, 2014 because such responses would be due outside the discovery period which ended on January 23, 2014.[1] Consequently, Plaintiff asks this Court to compel Defendants to answer his discovery requests. In support Plaintiff claims that: (1) he attempted to provide Defendants' attorney with discovery at his deposition on December 18, 2013, but Defendants' counsel refused to accept the requests; (2) Plaintiff did not have access to a photocopier; (3) Defendants' counsel has acted to "obstruct" Plaintiff's case and intimidate Plaintiff by failing to respond and by telling Plaintiff that counsel would seek attorneys' fees for the time spent responding to a motion to compel; and (4) Plaintiff's requests are proper, relevant, and likely to lead to admissible evidence.

Plaintiff's motion to compel is denied. Plaintiff's most persuasive argument for

---

[1] The order directing service of the Amended Complaint states that discovery "shall be completed within 90 days of the date of filing of an answer[.]" (Report & Recommendation 8, Aug. 19, 2013, ECF No. 31.) Defendants filed their Answer to the Complaint on October 22, 2013. Their Answer to the Amended Complaint was filed on October 25, 2013. Regardless of which date initiated the discovery period, Plaintiff's discovery requests require responses outside the 90 day period. Consequently, the Court assumes that the later date—January 23, 2014—was the close of discovery.

compelling discovery is that he attempted to serve Defendants with his discovery requests on December 18, 2013.  Plaintiff cites generally to his 145 page deposition transcript in support of this contention.  (Mot. to Compel 1-2, ECF No. 63.)  The Court, however, finds no support for this argument in Plaintiff's deposition.  (*See generally* Pl.'s Dep., Dec. 18, 2013, ECF No. 69.)  Plaintiff did not cite to a specific portion of his deposition that supports his contention that he attempted to give Defendants discovery requests and the Court was unable to locate such.  Plaintiff's argument is also belied by the actual date on his discovery requests which is January 6, 2014.  (*See* Defs.' Resp. in Opp'n to Pl.'s Mot. to Compel Disc. Ex. 2, ECF No. 64-2.)

Plaintiff's other contentions are likewise meritless.  Defendants are not required to answer requests for discovery which answers are due outside the discovery period.  *See, e.g., Thomas v. Pacificorp*, 324 F.3d 1176, 1179 (10th Cir. 2003) ("[R]equests must be served at least thirty days prior to a completion of discovery deadline.").  Plaintiff's lack of access to a photocopier is irrelevant for purposes of a motion to compel.  Additionally, Defendants informing Plaintiff that Defendants are not going to respond to Plaintiff's requests does not obstruct Plaintiff's case.

Furthermore, as explained in Section II, it is recommended that Defendant's motion for summary judgment be granted.  Granting Plaintiff's motion to compel would unnecessarily burden Defendants with a "needless round of discovery" since Plaintiff's requests do not go to whether Plaintiff exhausted his administrative remedies.  *Paul Kadair, Inc. v. Sony Corp. of Am.*, 694 F.2d 1017, 1029-30 (5th Cir. 1983) ("[A] plaintiff's entitlement to discovery prior to a ruling on a motion for summary judgment is not

6

unlimited, and may be cut off when the record shows that the requested discovery is not likely to produce the facts needed by plaintiff to withstand a Rule 56(e) motion for summary judgment."). For all of these reasons, Plaintiff's motion to compel (ECF No. 63) is denied.

### D. Miscellaneous Motions

Plaintiff also has several miscellaneous motions pending—a motion to change venue (ECF No. 45), a notice of "due process violation" (ECF No. 48), a motion for documents and records at government expense (ECF No. 54), a "request for status on pending motions" (ECF No. 57), and a letter request that the Court stop Plaintiff's being charged for his appellate filing fee (ECF No. 78). These motions are denied as explained below.

#### 1. Motion to Change Venue

First, Plaintiff moves for a change of venue to the Northern District of Georgia. In support of this motion, Plaintiff states that there is such animosity against him in the Columbus Division of the Middle District of Georgia that he would be unable to receive a fair trial here. Title 28, section 1404(a) of the United States Code provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer a civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." Defendants in this case have not consented to a change of venue. Consequently, the Court could transfer this action only to any division or district in which it could have originally been brought.

Venue is proper in the "district in which any defendant resides" or the "district in

which a substantial part of the events or omissions giving rise to the claim occurred[.]" 28 U.S.C. § 1391(b)(1)-(2).  In his Amended Complaint, Plaintiff sues prison officials at Harris County Prison for alleged constitutional violations which occurred at Harris County Prison.  Harris County Prison is located in the Columbus Division of the Middle District of Georgia.  Plaintiff has not provided any address for Defendants other than the Harris County Prison and has provided no argument that venue would have been proper for this action in the Northern District of Georgia.  This action therefore cannot be moved under 28 U.S.C. § 1404(a).  Furthermore, since the Court is recommending granting Defendants' motion for summary judgment, Plaintiff's concerns regarding the fairness of a trial in the Columbus Division are moot.  Plaintiff's motion to change venue (ECF No. 45) is denied.

### 2. *Notice of Due Process Violation*

As best can be determined, Plaintiff seeks to revive his due process claims through his notice of due process violation (ECF No. 48).  It was recommended that these claims be dismissed on a preliminary review of Plaintiff's Amended Complaint.  (*See* Report & Recommendation 4-6, Aug. 19, 2013, ECF No. 31.)  Plaintiff filed objections (ECF No. 34) to the Report and Recommendation which were considered by the district judge.  The Court subsequently adopted the Report and Recommendation and dismissed Plaintiff's due process claims.  (Order 1, Sept. 30, 2013, ECF No. 41.)  Plaintiff cannot, however, revive his dismissed claims through a notice.  Consequently, to the extent that this notice can be deemed a motion, such motion is denied.

### 3. *Motion for Documents and Records at Government Expense*

Plaintiff next moves, pursuant to O.C.G.A. § 9-11-34, for the "government" to provide Plaintiff with a "complete copy" of the documents and records in three cases brought in this Court. It is unclear if Plaintiff seeks these records from the State of Georgia or from the United States. Regardless, Plaintiff is not entitled to copies of the records from multiple lawsuits at the expense of either government. O.C.G.A. § 9-11-34 is a discovery tool to allow for inspection of documents in the possession of the party upon whom the request is made. O.C.G.A. § 9-11-34(a)(1). Plaintiff's motion (ECF No. 54) is denied.

### 4. *Request for Status on Pending Motions*

Plaintiff next filed a motion requesting a status on his pending motions. (ECF No. 57.) This motion asks for no relief from this Court and is consequently denied. However, this Order and Report and Recommendation serves to either dispose of or recommend a disposition on all of Plaintiff's pending motions. Plaintiff should review the contents of this document to determine the status of his pending motions.

### 5. *Letter Request that the Court Stop Plaintiff from Being Charged His Appellate Filing Fee*

Finally, Plaintiff sent a letter to the Court seeking to be relieved of his obligation to pay the appellate filing fee for a previous appeal filed in this case. (ECF No. 78.) Plaintiff claims that he is "paying for a court process that did not occur." (Letter Motion 1, June 23, 2014, ECF No. 78.) Plaintiff filed a notice of appeal (ECF No. 50) in this case on November 4, 2013. The Eleventh Circuit considered and dismissed Plaintiff's appeal

9

for lack of jurisdiction (ECF No. 61). The dismissal of Plaintiff's appeal does not relieve him of the obligation to pay the filing fee and Plaintiff's motion is consequently denied.

## II. Defendants' Motion for Summary Judgment

Defendants move for summary judgment claiming, *inter alia*, that they are entitled to Eleventh Amendment immunity on Plaintiff's claims against them in their official capacities and that they are entitled to qualified immunity on Plaintiff's claims against them in their individual capacities.[2] Plaintiff failed to respond to Defendants' argument that they are entitled to Eleventh Amendment immunity and it is recommended that summary judgment be granted for Defendants in their official capacities. Likewise, as explained below, it is recommended that Defendants be granted summary judgment for the claims against them in their individual capacities.

### A. Standard of Review

Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a *genuine* dispute of *material* fact exists to defeat a motion for summary judgment, the evidence is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in

---

[2] Defendants initially move for summary judgment on the ground that Plaintiff failed to exhaust his administrative remedies. In support thereof, Defendants point to Plaintiff's deposition in which he admitted that he failed to file grievances for the incidents complained about in his Amended Complaint. (Defs.' Br. in Supp. of Mot. for Summ. J. 2-4, ECF No. 67.) Defendants, however, failed to provide any evidence that there was a grievance procedure at Harris County Prison or provide evidence as to the process that must be followed to fulfill that grievance procedure. The Court cannot just assume that Harris County Prison had a multi-step grievance procedure.

10

the opposing party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A fact is *material* if it is relevant or necessary to the outcome of the suit. *Id.* at 248. A factual dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Id.*

### B.   Official Capacity Claims

Defendants contend that summary judgment should be granted for the claims in their official capacities because they are immune from suit pursuant to the Eleventh Amendment. Defendants are employees of Harris County Prison—i.e., they are employees of the Georgia Department of Corrections ("GDOC"). (Haden Aff. ¶ 2, Feb. 19, 2014, ECF No. 67-2.) GDOC employees are entitled to Eleventh Amendment immunity for claims in their official capacities. "Official capacity suits for damages against employees of a state agency are suits against the state agency." *Ferguson v. Ga. Dep't of Corr.*, 428 F. Supp. 2d 1339, 1352 (M.D. Ga. 2006). "A suit against a governmental entity which is considered an 'arm of the state'—such as the GDOC—is a suit against the State." *Id.* (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70 (1989)). "[T]he Eleventh Amendment to the United States Constitution bars a § 1983 action against the State of Georgia and the GDOC unless the State either consents to suit or waives its sovereign immunity with regard to § 1983 claims—neither of which has happened here." *Ferguson*, 428 F. Supp. 2d at 1352. Therefore, Eleventh Amendment immunity bars suit here as a threshold matter.

Additionally, GDOC employees, as state officials acting in their official capacities, are not considered "persons" for purposes of § 1983. *Will v. Michigan Dep't of State*

11

*Police*, 491 U.S. 58, 71 (1989); *see also Ferguson*, 428 F. Supp. 2d at 1352-53.  Since § 1983 requires that a "person" deprive a plaintiff of his constitutional rights, the lack of a "person" in this case establishes an independent ground for the denial of Plaintiff's claims.  *Will*, 491 U.S. 71.  Defendants are thus entitled to summary judgment on the claims made against them in their official capacities.

    C.    <u>Individual Capacity Claims</u>

Defendants also contend that they are entitled to qualified immunity.  "Qualified immunity protects government officials performing discretionary duties from suits in their individual capacities unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known."  *Anderson v. City of Naples*, 501 F. App'x 910, 915-16 (11th Cir. 2012) (internal quotation marks and citation omitted).  "The purpose of qualified immunity is to allow officials to carry out discretionary duties without the chilling fear of personal liability or harrassive litigation, protecting from suit all but the plainly incompetent or one who is knowingly violating federal law."  *McCullough v. Antolini*, 559 F.3d 1201, 1205 (11th Cir. 2009) (internal quotation marks and citation omitted).

"In order to receive qualified immunity, an official must first establish that he was acting within the scope of his discretionary authority when the alleged wrongful acts occurred."  *Id.*  Once the defendant shows that he or she was acting within her discretionary authority, the burden then shifts to the plaintiff to establish that qualified immunity does not apply. *Cottone v. Jenne*, 326 F.3d 1352, 1358 (11th Cir. 2004).  There is no question that in this case Defendants were acting within their discretionary

authority. *See, e.g., Holloman ex. rel Holloman v. Harland*, 370 F.3d 1252, 1265 (11th Cir. 2004) (explaining that a government employee is acting within his discretionary authority when he "was (a) performing a legitimate job-related function . . . , (b) through means that were within his power to utilize[]"). Because that determination is made, the burden then shifts to Plaintiff to show that the Defendant is not entitled to qualified immunity.

"To overcome an official's claim of qualified immunity, the plaintiff must show that: (1) the official violated a constitutional right; and (2) that right was clearly established at the time of the alleged violation." *Anderson*, 501 F. App'x at 916 (citation omitted).[3] The Court therefore must determine whether the Plaintiff has shown that the defendants' conduct violated a constitutional right and whether that right is clearly established.

Plaintiff has been allowed to proceed with three claims: (1) a First Amendment retaliation claim that he was disciplined and transferred for filing an application for habeas relief; (2) a First Amendment denial of access to court claim that he was unable to prepare for his habeas action while in administrative segregation; and (3) a claim that Defendant Haden submitted incorrect paperwork to the Georgia Board of Pardons and Paroles which has caused Plaintiff to serve additional prison time. However, he has failed to establish that a constitutional violation occurred. Defendants are therefore entitled to qualified immunity on all of Plaintiff's claims.

---

[3] Courts should use their discretion in determining which prong of the qualified immunity inquiry to address first. *McCullough*, 559 F.3d at 1205.

*1.     First Amendment Retaliation Claims*

"The First Amendment forbids prison officials from retaliating against prisoners for exercising the right of free speech."  *Farrow v. West*, 320 F.3d 1235, 1248 (11th Cir. 2003).  "To prevail on a retaliation claim, the inmate must establish that: (1) his speech was constitutionally protected; (2) the inmate suffered adverse action such that the [official's] allegedly retaliatory conduct would likely deter a person of ordinary firmness from engaging in such speech; and (3) there is a causal relationship between the retaliatory action [the disciplinary punishment] and the protected speech[.]"  *O'Bryant v. Finch*, 637 F.3d 1207, 1212 (11th Cir. 2011) (internal quotation marks and citation omitted).  "To establish causation, the plaintiff must show that the defendant was subjectively motivated to discipline the plaintiff for exercising his First Amendment rights."  *Moton v. Cowart*, 631 F.3d 1337, 1341 (11th Cir. 2011) (internal quotation marks and citation omitted).

Plaintiff alleges that he was disciplined by being thrown in the "hole" in retaliation for filing his action for habeas relief.  He also claims that he was ultimately transferred from Harris County Prison to Hays State Prison for filing his action for habeas relief.  Plaintiff supports his contention that he was disciplined for filing the habeas petition by showing that he was put in the hole the day after he filed his application for habeas relief.  He also alleges that he was transferred after his habeas petition was denied, which temporal proximity shows retaliation.

Having thoroughly reviewed the record in this case, the Court finds no evidence of retaliatory animus on the part of the Defendants.  Defendants admit that Plaintiff was placed in administrative segregation on April 5, 2012, the same day that Warden Haden

14

was served with Plaintiff's action for habeas relief. However, Defendants show that he was placed in administrative segregation—which is different from disciplinary isolation—because he was suspected of violating facility rules. (Haden Aff ¶¶ 3-7, Feb. 19, 2014, ECF No. 67-2.) Plaintiff submitted a copy of the Disciplinary Report which states that he was charged with the offenses of failure to follow directions and with having contraband. (ECF No. 74-4 at 29.) Defendants further explain that Plaintiff was returned to the general population after a hearing on April 9, 2012, and that although Plaintiff was later transferred, Warden Haden did not order that transfer because he does not have the authority to transfer inmates within the Georgia prison system. (Haden Aff ¶¶ 11, 14-15.)

Plaintiff has submitted no evidence that there is a casual connection between Plaintiff's disciplinary report or transfer and his filing the habeas action. His argument concerning being placed in administrative segregation in retaliation for filing a habeas petition is based solely on hearsay. Plaintiff states that a "detail officer" told him that the deputy warden's step-father heard the deputy warden say Plaintiff was given a false disciplinary report and placed in administrative segregation because he filed a habeas corpus petition. (*See, e.g.,* Habeas Corpus Hr'g Tr. 28:4-18, May 23, 2012, ECF No. 74-2 at 99.) Such triple or quadruple hearsay is not evidence which can be considered to support his motion for summary judgment. *See Streeter v. City of Pensacola, Fla.*, 501 F. App'x 882, 884 (11th Cir. 2012) ("In analyzing the evidence presented by the parties, the general rule is that hearsay cannot be considered on a motion for summary judgment unless such statements can be reduced to admissible evidence at trial."). Because there is no evidence of a retaliatory animus on the part of any Defendant, Plaintiff has failed to

15

establish a First Amendment retaliation claim. Defendants are thus entitled to qualified immunity on these claims.

### 2.     First Amendment Access to Courts

"It is . . . established beyond doubt that prisoners have a constitutional right of access to the courts." *Bounds v. Smith*, 430 U.S. 817, 821 (1977). This right is "grounded in several constitutional amendments, including the First, Fifth and Fourteenth Amendments." *Dennis v. Schwarzauer*, 496 F. App'x 958, 959 (11th Cir. 2012). "To assert an access-to-the-courts claim, the plaintiff must possess a non-frivolous, arguable underlying cause of action, the presentation of which was prevented by the defendant." *Id.* Thus, "[i]n order to establish a violation of the right of access to the courts . . . a prisoner must show an actual injury." *Cunningham v. Dist. Attorney's Office for Escambia Cnty.*, 592 F.3d 1237, 1271 (11th Cir. 2010). "To state an actual injury, the plaintiff must allege that he had a cause of action that he could not vindicate because of the defendant's actions, and he must describe that underlying cause of action in his complaint." *Bryant v. Ruvin*, 477 F. App'x 605, 607 (11th Cir. 2012).

Plaintiff claims that his right to access to the courts was violated by Defendants when he was placed in administrative segregation. He contends that Defendants confiscated his legal materials such that he could not properly prepare for his state habeas action. Additionally, Plaintiff asserts that he was denied access to an adequate law library. He claims that his habeas petition was denied because he could not prepare or present his case, and that the prison officials interfered with his right to appeal. (Pl.'s Br. in Opp'n to Defs.' Mot. for Summ. J. 16.)

16

Plaintiff has failed to establish a First Amendment violation for access to the courts. It is undisputed that Plaintiff was able to file his application for habeas relief in the state court while at Harris County Prison. In fact, Plaintiff's application for habeas relief was filed prior to his being placed in administrative segregation. (Haden Aff. ¶ 3.) Plaintiff was placed in administrative segregation for a mere four days (*Id.* at ¶¶ 4, 11) and was allowed access to the law library while housed therein (*Id.* at ¶ 6). The evidence shows that no one confiscated any of Plaintiff's personal property while he was in administrative segregation. (Haden Aff. ¶ 13.) Furthermore, Plaintiff was present at the hearing on his state application for habeas relief, which was held on May 23, 2012, and was allowed to present evidence in support of his motion during that hearing. (Defs.' Br. in Supp. of Mot. for Summ. J. Ex. 3, ECF No. 67-3; *see also generally* Habeas Corpus Hr'g Tr. 28:4-18, May 23, 2012, ECF No. 74-2.) Thus, Plaintiff has failed to show how the presentation of his claims was stymied by the Defendants.

Plaintiff has likewise not alleged or shown how the law library was so inadequate as to violate his right to access to the courts. The right to an adequate law library "is not a[n] abstract, freestanding right to a law library or legal assistance[.]" *Lewis v. Casey*, 518 U.S. 343, 351 (1996). Instead of merely arguing that the law library "is subpar in some theoretical sense[,]" an inmate must show "that the alleged shortcomings in the library . . . hindered his efforts to pursue a legal claim." *Id.*

Plaintiff has not articulated how the law library at Harris County Prison was inadequate. He has merely argued that it is inadequate and that it prevented him from properly preparing for his habeas action. In other words, Plaintiff contends in the

17

"theoretical sense" that the law library is inadequate. *Lewis*, 518 U.S. at 351. This is insufficient to show a denial of access to courts. Plaintiff further says that he suffered an actual injury because his habeas petition was denied. However, it is clear from the Order of the Superior Court denying Plaintiff's application for habeas relief that Plaintiff failed to raise any issues in his habeas petition that had not previously been denied by the Georgia Court of Appeals on his direct appeal. (Defs.' Br. in Supp. of Mot. for Summ. J. Ex. 3 at 2-3.) Plaintiff has failed to establish a constitutional violation of his right of access to courts. Defendants are therefore entitled to qualified immunity and summary judgment is appropriate regarding these claims.

### 3.   *Claims for Interfering with Plaintiff's Parole*

Initially, it is unclear from Plaintiff's Complaint and Amended Complaint what constitutional violation Plaintiff contends occurred regarding his parole. He claims that Defendant Haden violated his constitutional rights by submitted incorrect paperwork to the Georgia Board of Pardons and Parole. However, "[t]here is no federal constitutional right to parole." *Harrell v. Fla. Parole Comm'n*, 479 F. App'x 234, 236 (11th Cir. 2012). Because Plaintiff is proceeding *pro* se, the Court assumes that Plaintiff is attempting to allege a violation of the Due Process Clause of the Fourteenth Amendment.[4]

A state may "establish a protected liberty interest in parole by creating a legitimate expectation of parole." *Harrell*, 479 F. App'x at 236. However, such a liberty interest is

---

[4] A denial of parole cannot be categorized as an Eighth Amendment violation because "the denial or postponement of parole is merely a disappointment rather than a punishment of cruel and unusual proportions." *Damiano v. Fla. Parole & Prob. Comm'n*, 785 F.2d 929, 933 (11th Cir. 1986).

not created by a state if that state's parole commission "retains discretion over whether to grant or deny parole." *Id.* "Moreover, prisoners do not state a due process claim by simply asserting that erroneous information might have been used during their parole consideration." *Id.* In order to show a due process violation, a plaintiff must show that the board of pardons and parole "engaged in flagrant or unauthorized action or treated a prisoner arbitrarily and capriciously in making a parole determination, such as by knowingly or admittedly relying on false information." *Id.* (internal quotation marks and citations omitted); *see also Slakman v. Buckner,* 434 F. App'x 872, 875 (11th Cir. 2011) (discussing "arbitrary and capricious" argument in context of parole denial).

The Georgia Board of Pardons and Parole possesses "broad discretion . . . in determining whether an inmate should receive early release." *Garner v. Jones*, 529 U.S. 244, 253 (2000); *see also, e.g.,* O.C.G.A. § 42-9-20 ("[T]he board shall be charged with the duty of determining which inmates serving sentences imposed by a court of this state may be released on pardon or parole and fixing the time and conditions thereof."). Thus, in order to establish a due process violation, Plaintiff needed to provide evidence that the Georgia Board of Pardons and Paroles—not Defendant Haden—acted arbitrarily and capriciously in denying his parole. Plaintiff has not done so here. Furthermore, Defendant Haden has presented evidence that shows that he never contacted the Georgia Board of Pardons and Parole regarding Plaintiff. (Haden Aff. ¶ 12.) Plaintiff has failed to present any evidence that a constitutional violation occurred regarding his parole. Consequently, Defendants are entitled to qualified immunity and summary judgment as to this claim.

## CONCLUSION

For the reasons explained above, Defendants' motion for summary judgment (ECF No. 65) should be granted. Plaintiff's motions for appointment of counsel (ECF Nos. 42, 44), discovery motions (ECF Nos. 62, 63), motion to change venue (ECF No. 45), notice of "due process violation" (ECF No. 48), motion for documents and records at government expense (ECF No. 54), "request for status on pending motions" (ECF No. 57), and letter request that the Court stop Plaintiff's being charged for his appellate filing fee (ECF No. 78) are denied. It is further recommended that Plaintiff's motion for injunctive relief (ECF No. 43) be denied. Under 28 U.S.C. § 636(b)(1), the parties may file objections to this Recommendation in writing with the United States District Judge within fourteen (14) days after being served with a copy hereof.

SO ORDERED and RECOMMENDED, this 5th day of August, 2014.

S/ Stephen Hyles  
UNITED STATES MAGISTRATE JUDGE