```
         IN THE UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF GEORGIA
                  COLUMBUS DIVISION
```

|                              |   |                        |
|------------------------------|---|------------------------|
| LESLIE WEBB,                 | * |                        |
|     Plaintiff,               | * |                        |
| v.                           | * | CASE NO. 4:12-CV-90-CDL |
|                              |   | 42 U.S.C. § 1983       |
| Warden ALEX HADEN, et al.,   | * |                        |
|     Defendants.              | * |                        |

ORDER ON REPORT AND RECOMMENDATION

Having considered Plaintiff's objections and after a de novo review of the record in this case, the Report and Recommendation filed by the United States Magistrate Judge on August 5, 2014, is adopted in part and denied in part. Specifically, the Court adopts the Magistrate Judge's recommendation to deny Plaintiff's motion for a temporary restraining order and to grant summary judgment for the claims against the Defendants in their official capacities. Additionally, summary judgment is granted to Defendants for Plaintiff's first amendment access to courts claim and Plaintiff's claim for interfering with his parole for the reasons stated in the Magistrate Judge's recommendation.

However, the Court declines to adopt at this time the recommendation regarding Plaintiff's First Amendment retaliation claim.  Plaintiff contends that he was told that he was put in

administrative segregation because he filed a habeas corpus petition. (Report & Recommendation 15, Aug. 5, 2014, ECF No. 80.) While this "evidence" is clearly hearsay that cannot be used to rebut Defendants' motion for summary judgment in its proffered form, Plaintiff contends that he has not been given meaningful discovery to allow him to cure this hearsay issue. *See, e.g., Smith v. Fla. Dep't of Corr.*, 713 F.3d 1059, 1064 (11th Cir. 2013) ("Summary judgment is premature when a party is not provided a reasonable opportunity to discover information essential to his opposition.") Plaintiff presented discovery requests to Defendants concerning this very issue within the discovery period, but too near to the close of discovery to allow Defendants thirty days to respond. Given that Plaintiff was proceeding *pro se*, an argument can be made that the better course for Defendants would have been to respond to Plaintiff's discovery requests. Plaintiff did move to compel responses to those discovery requests, which motion was denied by the Magistrate Judge. The Court is not convinced that denying the motion was the proper decision under the circumstances.

Plaintiff's motion to compel, however, may be moot if Plaintiff has failed to exhaust his administrative remedies. Defendants seek dismissal of Plaintiff's claims for failure to exhaust, but they failed to include with their motion evidence

2

showing their policies and procedures for administrative remedies.

Based on the foregoing, Defendant's present motion for summary judgment is denied as to Plaintiff's First Amendment retaliation claims against the Defendants in their individual capacities. But Defendants shall be given 14 days to file a motion to dismiss/summary judgment based solely on failure to exhaust administrative remedies. Defendants should make sure that the record is complete this time. Plaintiff shall have 21 days to respond to that motion. If that motion is denied, Plaintiff shall be permitted to renew his motion to compel, which is terminated at this time.

This matter shall be remanded to the Magistrate Judge for further proceedings consistent with this Order.[1]

IT IS SO ORDERED, this 4th day of September, 2014.

                                        _S/Clay D. Land
                                        CLAY D. LAND
                                        UNITED STATES DISTRICT JUDGE

---

[1] The Court emphasizes that it reaches no conclusion today as to whether Plaintiff's retaliation claims against Defendants in their individual capacities will eventually survive summary judgment. The Court has concluded that rather than reaching those claims on the merits now, it should first decide the exhaustion issue on a complete record, and if it is determined that Plaintiff has in fact exhausted his administrative remedies, he should be permitted to engage in limited additional discovery regarding the merits of his claims.